# Wytheville.

## V. D. Venable v. W. M. McNutt.

June 12, 1930.

Absent, Campbell and Holt, JJ.

The opinion states the case.

*A. B. Dickinson* and *Watkins & Brock*, for the appellant.

*J. Taylor Thompson*, for the appellee.

BROWNING, J., delivered the opinion of the court.

We are called upon in this case to consider a partnership contract and the variety of transactions growing out of the same, extending over a period of time from June, 1919, the date of the original agreement, to August, 1926, when the initial step in the litigation between the partners was taken.

V. D. Venable, the appellant who was the defendant in the trial court, and W. M. McNutt, the appellee, who was the complainant in the trial court, in June, 1919, entered into a partnership for the sale of automobile tires and automobile accessories and the repair of automobile tires, under the firm name of Venable Tire Company. In July of the same year the said firm took over the gas and oil business, which had theretofore been conducted by Venable as an individual or under the firm name of Venable Motor Company. There is conflict in the testimony of the principals as to whether or not the firm of Venable Tire Company in July, 1919, became merged into that of the Venable Motor Company, but the weight of the evidence is quite convincing to us that the Venable Tire Company, and the Venable Motor Company, continued in existence as separate entities. There was some friction between the partners as time went on which culminated in the litigation before us. The bill was filed by McNutt, complainant, in August, 1926, praying for a

receiver for the affairs of the partnership and a settlement of its business. This bill made the original contract a part thereof and its allegations included the sums contributed by the respective partners as contributions to the capital invested, with the claim that a considerable balance was due the complainant on account of excess capital money furnished by him, wages due, and his alleged interest as a partner in rents collected by Venable, defendant, and used by him, the complainant having received no part thereof. It is proper to state just here that the business of the said firms of Venable Tire Company and Venable Motor Company was conducted in a building that was owned by Venable; that there were monthly rentals going to him from the Venable Tire Company, and additional rentals under a lease from him to the Texas Company.

Upon the filing of the bill, which had also prayed for a restraining order, a temporary receiver was appointed and the restraining order as to collection of monies by either partner, etc., was granted. Thereafter the receiver's powers were enlarged directing a sale of the assets of the firm, which was the Venable Tire Company, and a reference to one of the court's commissioners in chancery to take and state:

"First: Of what estate, real and personal, the said W. M. McNutt and V. D. Venable, doing business as the Venable Tire Company, are possessed and entitled, and what are the respective shares or interest of said partners in said estate and where such estate is situated, and what is its market value.

Second: What contributions each of said partners has made to the assets and the prosecution and management of said partnership.

Third: What are the terms of the contract or con-

tracts by which the said partnership has been conducted between the partners thereof;

Fourth: What debts, if any, together with their dignity and priority are due by said partnership to the creditors of said partnership, and of what the evidence of said debts consist;

Fifth: What debts, if any, together with their dignity and priority, are due by the said partners to each other, as well as what debts, if any, are due by the said partners or each one thereof to the said partnership, as well as what debts, if any, are due by said partnership to either one of said partners, together with their dignity and priority:

Which said inquiries the said commissioner shall make after first giving notice of the time and place thereof to all parties, or their counsel, and report the same to this court along with all debts and other evidence taken in connection with said report by said commissioner, with any other matter specially stated deemed pertinent by himself, or by himself to be so stated."

It will be noted that the prayer of the bill failed to waive an answer under oath. On August 25, 1926, the defendant, Venable, filed his answer, under oath, denying the material allegations of the bill, setting up his contention as to the matters in issue and incorporating therein a statement in words and figures as to the financial condition of the partnership.

Pursuant to the execution of his duties under the order of reference, the commissioner heard testimony in the form of depositions of all of the witnesses with respect to each of the inquiries he was directed to make and report upon. Counsel for both parties conducted the examination of the witnesses who were subjected to rigid and lengthy cross examination. Exhibits in-

cluding the contract, cancelled checks, a lease, contracts with various dealers in things commonly bought and sold by gas and oil dealers and automobile repair men, accounts of debits and credits, and many other exhibits presenting a mass of figures for the consideration of the commissioner.

The commissioner filed his report finding among other things an amount to be due the complainant, McNutt, and as to the rent item of $1,800.00, his finding was that it should be treated as a partnership asset, but he made up alternative statements, one embracing the said item as a partnership asset, the other excluding it. The court, by the decree of November 27, 1928, confirmed the report of the commissioner, but excluded the aforesaid rental item as a partnership asset and held it to be the property of the defendant, Venable. This rental item is the basis of the cross-error assigned in the appeal by the appellee. This we dispose of at once by saying that the evidence sustains the decree of the trial court. The evidence discloses, as has been said above, that the building was owned by Venable; that the lease to the Texas Company was made by him individually; that the re-lease from the Texas Company was to Venable; that there was ample room space in the building for all of the purposes of the Venable Tire Company, exclusive of that occupied by the Texas Company; that the Venable Tire Company only paid Venable $40.00 per month for its space; that Venable made the improvements necessitated by the Texas Company's occupation, and which incidentally inured to the benefit of the Venable Tire Company, at his own expense, all which point to the correctness of the court's ruling as to this item.

McNutt proved, and the circumstances surrounding the entire transaction corroborate him, the

amount he put in the firm, the amount Venable put in the firm and the credits and debits to each of them. On this evidence and all of the other evidence in the case the commissioner, who had seen and heard all of the witnesses testify, made his finding of fact, and his finding, after numerous exceptions had been filed thereto by both parties, was confirmed by the court. Under such circumstance it is not necessary for us to discuss the conflicting testimony of the witnesses, but we content ourselves in the reliance upon the familiar principle expressed by Prentis, C. J., in the case of *Ingram* v. *Ingram*, 130 Va., 329, 107 S. E. 653, 654, 26 A. L. R. 1175, where in his opinion it is said:

"It is sufficient to say that we agree with the conclusion of the commissioner and of the trial court, and that even if we had any fair doubt as to their correctness, we would affirm the decree and follow the familiar rule, so often emphasized, that the report of a commissioner, when the evidence has been taken in his presence, is entitled to great weight and should not be disturbed unless its conclusions are clearly unsupported by the evidence, and such a report on the value of property based upon conflicting testimony and sustained by the trial court will not be overruled on appeal."

And in addition to this clear statement of the law we find in the case of *Hitt* v. *Smallwood*, 147 Va. 785, 133 S. E. 503, 506, the following statement of law approved by this court:

"When, therefore, the commissioner has seen and examined the witnesses and the testimony is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, the court will not set aside or disturb his report, unless the weight of the testimony which is contrary to his conclusions

is such, on account of the number of the witnesses and the nature of their evidence, as to make it clear that the commissioner has erred."

The report of a commissioner sustained by the trial court, when the evidence was taken in his presence, is entitled to great weight and should not be disturbed upon appeal unless its conclusions are clearly unsupported by the evidence. *Hitt* v. *Smallwood*, 147 Va. 778, 133 S. E. 503; *Jno. L. Cannon, Exec.*, v. *Jno. R. Searles*, 150 Va. 738, 143 S. E. 495; *American Surety Co.* v. *Hannah*, 143 Va. 291, 130 S. E. 411.

No good purpose can be served by a discussion of the legal effect of an answer under oath when the bill fails to waive answer under oath. The evidence clearly sustains the findings of the commissioner on the items comprehended in his report. The court considered and weighed the evidence and equities in the case and its conclusions thereon we think are right.

The decree is affirmed.

*Affirmed.*